UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DARYL G. EIDENIER,<br>   Plaintiff,<br><br> v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of<br>Social Security Administration,<br>   Defendant. | )<br>)<br>)<br>) CAUSE NO.: 1:20-CV-277-JPK<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA") [DE 29]. The Commissioner of Social Security objects to Plaintiff's request for an award of $30,869.50 in attorney fees.

On August 5, 2020, Plaintiff filed a complaint seeking judicial review of the Commissioner's decision denying him disability insurance benefits. On January 19, 2022, the Court granted Plaintiff's request for remand. Plaintiff now seeks fees in the amount of $30,869.50 for 144.25[1] hours of attorney work at an hourly rate of $214.00. The Commissioner argues that Plaintiff is not entitled to attorney fees because the Commissioner's position was substantially justified, and in the alternative, that the fees requested are excessive.

1. **Substantially Justified**

The prevailing party in a civil action against the United States is entitled to attorney fees unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party's position is substantially justified if it had a "reasonable basis in law and fact, that is, if a reasonable person

---

[1] Plaintiff initially sought compensation for 114.5 attorney hours, but amended his request to account for the fees incurred in briefing the contested fee petition.

could believe the position was correct." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988)).

For the reasons detailed in the Court's opinion, the Commissioner's position was not substantially justified. The deciding issue[2] was whether the ALJ's step five finding was supported by substantial evidence, given that the vocational expert's ("VE") testimony did not clearly explain the method for estimating the number of jobs available to Plaintiff in the national economy. The testimony indicated that the VE used the SkillTRAN computer program but did not know what methods it used. While the VE testified that "adjustments" might be made to account for obsolete jobs that appear within SkillTRAN data, it was unclear whether or how that was done in Plaintiff's case. The "agency [took] a 'trust me' approach rather than – as required by the statute and regulations – carrying its burden" to show that the method itself was reliable. *Jones v. Saul*, No. 1:19-CV-494-PPS, 2021 WL 100357, at *3 (N.D. Ind. Jan. 12, 2021) (quoting *Brace v. Saul*, 970 F.3d 818, 823 (7th Cir. 2020)); *see Gonzales v. Berryhill*, No. 16-CV-0045 SMV, 2017 WL 6514652, at *3 (D.N.M. Dec. 20, 2017) (Commissioner's position not substantially justified where the ALJ's findings were based on unreliable VE testimony).

2. **Reasonableness of Fees**

Although the hourly rate of $214.00 is reasonable[3], counsel's request to be compensated for 114.5 attorney hours is not. Counsel's time logs document the attorney hours spent on this case,

---

[2] Plaintiff had also argued that the ALJ did not include all necessary limitations in the RFC, but the Court found that the RFC findings were backed by substantial evidence. [DE 27 at 5-8].

[3] The Commissioner objects to the proposed hourly rate of $214.00. Attorney fees must not exceed $125 per hour unless the court determines that an "increase in the cost-of-living or a special factor" justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). A claimant must produce "satisfactory evidence," such as an affidavit, showing that the increased rate is in line with lawyers of comparable skill and experience. *See Sprinkle v. Colvin*, 777 F.3d 421, 428-29 (7th Cir. 2015). Similar rates are routinely approved within this district. *See, e.g., Squadroni v. Comm'r of Soc. Sec.*, No. 3:20-CV-320 JD, 2022 WL 4958655, at *1 (N.D. Ind. Oct. 4, 2022) ($327.00 per hour); *Martinez v. Kijakazi*, No. 2:20-CV-70-TLS, 2022 WL 3367928, at *2 (N.D. Ind. Aug. 15, 2022) ($207.78 per hour); *Silvers v. Saul*, No. 1:19-CV-215 DRL-JPK, 2021 WL 9472552, at *1 (N.D. Ind. Jan. 8, 2021) ($207.00 per hour). The Court finds that the sworn

and the Court does not question counsel's credibility. However, when seeking fees, counsel are expected to "winnow[] the hours actually expended down to the hours reasonably expended," *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 552 (7th Cir. 1999), by excluding "redundant" or unnecessary hours. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008). To determine a reasonable fee, the Court considers factors such as the novelty and difficulty of the legal questions, the time and labor required, the results obtained, and awards in similar cases. *See Martin v. Saul*, No. 1:18-CV-00033-SLC, 2020 WL 5525501, at *4 (N.D. Ind. Sept. 15, 2020) (citing *Hensley*, 461 U.S. at 429-430 n. 3)).

In this circuit, the typical range of compensable attorney hours for a social security case is 40-60 hours[4], but courts "regularly award attorney's fees totaling over 60 hours" if the time sought is justified under the circumstances[5]. Plaintiff rejects the idea of a "normal" range of hours worked on a case, because an attorney's preparatory work is not always apparent from the end product. No one disagrees that good work takes time; however, the Court must still compare the work performed in this case to that in other cases, and limit any fee award to hours reasonably expended.

First, the issues in this case were not so novel or difficult that they justify an unusual fee award. The decisive issue, the VE's explanation of the job estimates, was vigorously contested at the agency hearing, and discussed at length in the ALJ's decision. Although counsel asserts the

---

declaration of Plaintiff's counsel [DE 29-4], discussing the prevailing market rate for attorneys of his skills and experience, constitutes satisfactory evidence that the rate of $214.00 would have been justified.

[4] *See Prilaman v. Kijakazi*, No. 1:21-CV-46, 2022 WL 4354761, at *3 (N.D. Ind. Sept. 19, 2022) (listing cases); *Copeland v. Astrue*, No. 2:11-CV-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012) (same); *Snider v. Astrue*, No. 1:08-CV-53, 2009 WL 1766925, at *5 n. 3 (N.D. Ind. June 23, 2009).

[5] *Ruiz v. Colvin*, No. 2:14-CV-69-JEM, 2016 WL 2908287, at *3-4 (N.D. Ind. May 18, 2016); *see also Martin v. Saul*, No. 1:18-CV-00033-SLC, 2020 WL 5525501, at *6-7 (N.D. Ind. Sept. 15, 2020) (awarding 91.65 hours although it was "well above the amount of time typically considered reasonable"); *Staley v. Berryhill,* No. 4:15-CV-00178-TAB-RLY, 2017 WL 2181151, at *1 (S.D. Ind. May 18, 2017) (despite the standard 40-60 hour range, courts "will not reflexively cut off the hours billed . . . at 60 hours").

"inspiration appeared" for this argument during unbilled time in "the wee small hours of the morning" [DE 33 at 8-9], it would have been apparent from a cursory reading of the hearing transcript. Counsel's firm regularly raises this issue before this court and other courts, and in fact, litigated the Seventh Circuit cases of *Brace v. Saul* and *Alaura v. Colvin*, which Plaintiff relied on in this case.[6] Counsel himself made similar arguments in another case before the undersigned, less than a year before this case was briefed. *See Smith v. Saul*, No. 1:20-cv-55-HAB-JPK [DE 18, July 29, 2020]. Every case is different, but counsel's legal arguments in this case were hardly unique.

Plaintiff claims approximately 35 attorney hours to write the opening brief, and roughly 57 hours of review and analysis that preceded the drafting.[7] The brief itself included two pages discussing procedural history, a single paragraph of "non-medical facts," and three pages of boilerplate law addressing the standard of review. The majority of the 11-page argument section consisted of block quotes and recitations of the ALJ's decision, the hearing transcript, and other cases. Concise briefs are effective, as this was one ultimately was. However, the analysis was not any more rigorous than that performed in other cases. That is not a criticism of counsel's work; it is simply to say that it does not justify twice the standard fee award.

Plaintiff points out that counsel had to scrutinize the record carefully, and respond to contrary arguments by the Commissioner, but that is done in almost every contested social security case. The administrative record was long (1221 pages), but not unusually so. *See, e.g.*, *Vasquez v. Colvin*, No. 13 C 6222, 2016 WL 687900, at *3 (N.D. Ill. Feb. 19, 2016) (attorney compensated for 20 hours to review a record of over 1,000 pages: "We acknowledge that the administrative record in this case was voluminous, however, we still find the [37.8] hours spent reviewing the

---

[6] [*See* DE 24 at 14-17]; *Brace v. Saul*, 970 F.3d 818 (7th Cir. 2020); *Chavez v. Berryhill*, 895 F.3d 962 (7th Cir. 2018).

[7] [*See* DE 29-3 at 1-4]. The Court's estimates reflect that some of Plaintiff's time entries could be equally characterized as preparatory work or as part of the drafting process.

record here to be excessive."); *Trump v. Colvin*, No. 12 C 6194, 2015 WL 970111, at *4 (N.D. Ill. Mar. 2, 2015) (total award of 68 hours for a case where the record was over 1,000 pages).

Accordingly, the requested fee award will be reduced to 50 attorney hours at counsel's rate of $214.00 per hour, for a total award of $10,700.00. Counsel is reminded of the obligation to "winnow[] the hours actually expended down to the hours *reasonably* expended" in any future fee petitions. *Spegon*, 175 F.3d at 552 (emphasis added). The Court expects that in almost all cases, the parties will continue to resolve attorney fee issues without court intervention.

## CONCLUSION

For the reasons described above, the Court hereby **GRANTS, for relief different than requested,** Plaintiff's Application for Attorney Fees [DE 29] and **ORDERS** that Plaintiff is awarded $10,700.00 in attorney fees, in full satisfaction of all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412. Any fees paid belong to Plaintiff and not Plaintiff's attorney and can be offset to satisfy any pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Defendant can verify that Plaintiff does not owe a pre-existing debt to the government subject to offset, Defendant will direct that the award be made payable to **Forbes Rodman PC**, pursuant to the EAJA assignment duly signed by Plaintiff. If payment is mailed, rather than electronically deposited, it shall be mailed to counsel's address of record: **312 N Wayne St, PO Box 374, Angola, IN 46703**.

So ORDERED this 16th day of December, 2022.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT